UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO ADVANTAGE
NATIONAL TAX FEE FUND, *et al.,*

               Plaintiffs,

v.

HELICON ASSOCIATES, INC., *et al.*,

               Defendants.

_____/

Case No. 08-15162

Stephen J. Murphy, III
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION[1]**
**MOTIONS FOR ATTORNEY FEES AND COSTS (Dkt. 250, 251)**

## I. PROCEDURAL HISTORY

The complaint in this matter was filed on December 15, 2008, alleging

several federal and state causes of action. (Dkt. 1). Jurisdiction over the state

claims was based on the court's supplemental jurisdiction regarding such matters.

The subsequent litigation resulted in a narrowing of the permissible claims on

behalf of the plaintiffs until there was a dismissal of all of the federal claims and

the court issued a show cause order as to why the remaining state claims should

---

[1] These matters were referred to the undersigned for hearing and determination. (Dkt. 252). However, it is clear that a post-judgment motion for attorney fees is a dispositive matter and a magistrate judge only has the authority to issue a report and recommendation. *See* Fed.R.Civ.P. 54(d)(2)(D) ("the court...may refer a motion for attorneys' fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."). While a magistrate judge's authority as to post-judgment costs are less clear, in an abundance of caution, the undersigned's consideration of this matter is also done by report and recommendation.

not be dismissed.  (Dkt. 218).  The parties prevailed on the court to exercise its

discretion and to retain jurisdiction of the remaining state claims given the

significant investment in time the parties had put into the litigation.  On February

9, 2012, the court entered an order allowing the case to go forward under its

supplemental jurisdiction as to claims under Michigan, Massachusetts and

Connecticut law.  (Dkt. 225).  On April 25, 2012, the parties entered into a consent

judgment awarding substantial damages to plaintiffs under the Connecticut

Securities Act.  The present motions for attorney fees and costs were filed on May

11, 2012.  (Dkt. 250, 251).  These matters were referred to the undersigned on

May 20, 2012.  (Dkt. 252).  Pursuant to notice, a hearing was held on August 9,

2012.  (Dkt. 255).  After the hearing, the parties entered into a proposed stipulated

order that provides as follows:

      1.    Plaintiffs shall be awarded an attorney fee in the amount
of $873,810.70;

      2.    Plaintiffs shall be awarded taxable costs in an amount no
less than $31,603.57; and

      3.    The parties have not been able to come to an agreement
on the remaining issues regarding Plaintiffs' motion for an award of
costs, which has been fully briefed and argued before the Court.  The
Court will take these remaining issues under advisement.

(*See* Exhibit A attached to this Report and Recommendation). For the reasons set forth below, the undersigned **RECOMMENDS** that the Court enter the parties' stipulation as to attorney fees and costs and adopt the recommendations set forth below regarding the unresolved costs issues.

## II.   SPECIFIC COSTS CLAIMED BY PLAINTIFF

Plaintiff claims costs under the provisions of federal as well as state law. Those claims that are made exclusively under federal law include: (1) taxable fees of the clerk - $1,728.12; (2) court reporter fees for transcripts - $28,942.41; (3) fees for witnesses - $178.04; (4) fees for service of process - $755.00; and (5) fees for copies - $31,351.93. Claims made exclusively under state law include: (1) expert witness fees - $195, 622.48; (2) attorney travel expenses - $33,210.66; (3) mailing - $3,835.80; and (4) conference calls - $404.15. Plaintiff claims costs for online research fees under federal or state law in the amount of $24,634.50.

As set forth above, a number of these costs have not been objected to by defendant. Defendant has not objected to the taxable costs to the clerk of $1,728.12, the court reporter fees for transcripts of $28,942.41, the witness fees of $178.04, and the service of process fees of $755.00.

## III.   LEGAL STANDARDS

Plaintiff seeks costs under federal law pursuant to 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d). Rule 54(d) provides that unless a statute, rule or order

provides otherwise, costs, not including attorney fees, "should" be allowed to the prevailing party. Section 1920 includes a list of items which may be taxed as costs by the clerk or a judge. The Supreme Court has determined "that § 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Plaintiff also seeks costs under state law. Specifically, the consent judgment in plaintiff's favor was based on an acknowledged violation of the Connecticut Uniform Securities Act (CUSA), Conn. Gen. Stat. § 36b-29(a)(2). That section of Connecticut law provides, in part, that a "person who ... sells ... a security by means of any untrue statement of a material fact ... is liable to the person buying the security [for] the consideration paid for the security, together with interest at eight per cent per year from the date of the payment, costs and reasonable attorney fees ..."

## IV.   ANALYSIS AND CONCLUSIONS

### A.   Costs under Federal Law

#### 1.   Fees for Exemplification and Copies

Plaintiff seeks an award of costs in the amount of $31,351.93. Section

1920(4) clearly allows for the award of costs relating to "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Defendant does not dispute plaintiff's entitlement to an award of costs for copying charges under § 1920(4) but disputes the amount of the award plaintiff seeks based on the contention that the amount sought is "undefined and unreasonable."  (Dkt. 256, Pg ID 8634).  Plaintiff has attached to its motion a schedule of the duplication costs incurred during the course of this litigation.  Undeniably this litigation was extensive and complicated and lasted more than three years.  Defendant contends these costs are "not documented" in such a way that it can be determined that they were "necessarily obtained" for the litigation.  The undersigned finds that the documentation provided by plaintiffs is adequate under the circumstances.  It would be impractical to provide documentation for each specific item that was copied so that in each of the instances a copy of something was created a finding of necessity could be made.  In this context, a certain amount of deference is allowed to the party requesting an award of costs and where adequate documentation is made as to those costs, as is the case here, reasonable necessity will be found.[2]  Also, comparing one side of

---

[2]  It makes no practical sense to require the type of evidentiary showing defendant seems to suggest in these circumstances.  To do so would require the compounding of the litigation well beyond what seems reasonable.  Rule 54(d)(2)(D) indicates an allowance for procedures where related issues can be resolved "without extensive evidentiary hearings." Additionally, the Supreme Court, in slightly different circumstances, has determined that a "request for attorney's

the lawsuit to the other for purposes of determining reasonableness in the amount of copying expense is not particularly helpful.  There are too many variables in that comparison to make it a fair way to reach a decision.  Plaintiff's claim for copying costs in the amount of $31,351.93 is deemed reasonable and that amount will be awarded as a taxable cost.

### 2.    Fees for Online Legal Research

Plaintiff seeks $24,634.50 in costs for online research conducted in this litigation which consists of $20,779.70 in charges for the research by primary and local counsel and $3,854.80 in related printing of the research.  Defendant objects to the taxation of these costs as not being allowed under § 1920 and based on the claim the charges are not reasonable.  (Dkt. 256, Pg ID 8635-36).

Online research expenses are not included in the list of recoverable costs included in §1920.  "[A]bsent explicit statutory or contractual authorization for the taxation of [costs] federal courts are bound by the limitations set out in 28 U.S.C. ... § 1920."  *Crawford Fitting*, 482 U.S. at 445.  Online research expenses are not a taxable cost under § 1920.

---

fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  While the question of an award of costs is not the same as a request for attorney fees, there are many similarities in principle and the words of the Supreme Court are viewed as an admonition to not turn these post-judgment issues into a second trial.  Such an admonition warrants a more summary analysis of the facts here than might be given to the underlying merits of the case.

Plaintiffs rely on *Farley v. Country Coach, Inc.*, 2008 WL 905215 (E.D. Mich. 2008) in support of their request.  Indeed, *Farley* was a case in which on-line research costs were awarded to a prevailing party.  The successful plaintiff in *Farley* had pursued a cause of action pursuant to the Magnuson-Moss Warranty Act which included a provision that allowed "the aggregate amount of cost and expenses (including attorney's fees based on actual time expended) determined by the court" to be recovered by plaintiff.  15 U.S.C. § 2310(d)(2).  The *Farley* opinion relied on decisions from three other circuits (the 9th, 2d and 1st) which awarded on-line research expenses as part of an attorney fee petition, not under § 1920.  "The costs that courts may tax under Rule 54(d)(1) are confined to the costs itemized in 28 U.S.C. § 1920."  *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007).  The cost of on-line research may be taxed under the "cost" provision of 15 U.S.C. § 2310(d)(2), as determined by *Farley*, but they may not be taxed under Rule 54(d) and § 1920.  Plaintiffs cite no other federal law that allows for an award of costs for on-line research in the present circumstances.

    B.    <u>Costs under State Law</u>

        1.    Expert Witnesses

Plaintiffs request an award of costs for three expert witnesses totaling $195,622.48.  Plaintiffs contend that expert witness fees can be awarded under the "costs" language of Conn. Gen. Stat. § 36b-29(a)(2).  Plaintiffs appear to cite

*Duerr v. Dicesare*, 2004 WL 2361833 (Conn. Super. Ct. 2004) in support of their position.  (Dkt. 251, Pg ID 7747).  Defendant opposes an award of costs relating to expert witness fees under Connecticut law arguing any "cost" award must be clearly provided for in the statute.  Defendant cites *Arnone v. Town of Enfield*, 79 Conn.App. 501 (2003), among other cases, in support of its position.  (Dkt. 256, Pg ID 8638).

As to whether Connecticut state law allows for the award of costs beyond that allowed in § 1920, the Supreme Court of Connecticut addressed a related issue in *M. DeMatteo Const. Co. v. City of New London*, 236 Conn. 710 (1996).  In *DeMatteo* the court considered a situation in which plaintiff had successfully appealed a valuation of real estate for tax purposes by the City of New London.  The statute under which the appeal was taken, Conn. Gen. Stat. § 12-117a, provided that if "the assessment made by the board of tax review is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes, together with interest and costs."  Plaintiff sought an award of costs for the expense of a real estate appraiser who provided a report and subsequently testified at the trial under the provisions of § 12-117a and § 52-260(f), a more general provision that allowed for the award of certain taxable costs to a prevailing party in litigation.  The court considered the "settled principle of [Connecticut] common law that parties are required to bear their own litigation

expenses, except as otherwise provided by statute ...[and] courts cannot tax [costs]" unless the statute "clearly provides for them."  While not identifying what was included in the "costs" provided for in § 12-117a, the court concluded that a real estate appraisal **report** was not "clearly" provided for in that statutory section and therefore denied the request for an award of costs for the appraisal report.  The court also considered whether the cost of the expert's report could be awarded under § 52-260(f) and, although the cost of the appraiser's trial testimony was a cost that could be awarded under this section, the cost of the report prepared earlier was not a cost that could be treated as being associated with the witness' trial testimony.  The significance of *DeMatteo* in this context is that the Connecticut Supreme Court considered a substantive state statute that included an unspecified "costs" provision and declined to allow an award of costs for an expert witness that was not otherwise allowed by the more general state statute relating to certain expert witnesses or any other provision of law.

In 2003, the Connecticut appellate court issued two opinions that relied on *DeMatteo* in reaching similar decisions based on other state statutes.  *Miller v. Guimaraes*, 78 Conn. App. 760 (2003), involved a successful plaintiff in a case under the Connecticut Unfair Trade Practices Act (CUTPA).  The plaintiff sought an award of costs for an attorney expert witness based on language in the CUTPA that provided for an unspecified award of costs to the plaintiff.  Concluding the

CUTPA did not "clearly" provide for an award of costs for an expert witness, and finding that an attorney expert witness was not included in more general expert witness statute, § 52-260, the request for an award of costs for this witness was denied.

In *Arnone, supra*, the court considered whether a plaintiff who had successfully sued based on a retaliatory discharge theory was entitled to an award of costs for an economist expert witness who had testified in the case. The plaintiff's cause of action was based on a substantive provision of state law that allowed for an unspecified award of costs to a successful plaintiff. Citing *DeMatteo*, the *Arnone* court said that the unspecified "costs" language of the substantive statute giving rise to the cause of action did not clearly provide for an award of costs for plaintiff's expert witness, and the general expert witness statute, § 52-260, did not list this type of expert as one for which an award of costs could be given. As a result, an award of costs for this purpose was not allowed. The court specifically rejected the argument that giving the "costs" language in the substantive statute no broader meaning than the general limitations of § 52-260 "would give no meaning to the legislature's words" in the substantive statute.[3]

---

[3] In their reply, plaintiffs cite to the case of *Gerner v. Applied Indus.*, 2005 WL 1805670 (Conn. Super. Ct. 2005) which finds that the "costs" language of CUTPA must mean something more than the general authority to award costs to prevailing parties. However, that opinion is at odds with the appellate courts in Connecticut in that conclusion and has not been cited by any other courts that would agree with the proposition.

*Duerr*, the case cited by plaintiff, was another CUTPA case where the plaintiff sought an award of costs for an engineer who had testified on plaintiff's behalf.  While the trial judge recognized that the provisions of the CUTPA allowed for an unspecified award of "costs," and it would be "logical" to award costs for an expert who was necessary to plaintiff's case, the court ruled that it was bound by *Miller* to disallow such a cost because that type of expert was not included in § 52-260.

The common principle identified in these Connecticut cases is that unless a statute clearly provides for a specific award of costs none will be allowed.  These substantive state statutes differ to some degree in the way they refer to an award of costs but the differences are not significant. The common feature of all of these state statutes is that they all have a substantive provision allowing for an award of costs but do not specify what costs are allowed.  Plaintiff contends that because this case was litigated in federal court, rather than Connecticut state court, the state decisional law holding that costs of this nature are controlled by § 52-260, when the substantive law giving rise to the cause of action does not clearly provide for costs of this nature, should not be followed.  (Dkt. 251, Pg ID 7747, n. 4).  To the contrary, when a case in federal court is based on diversity jurisdiction or supplemental jurisdiction, the law of the state relating to the substantive rights of the parties should be applied as if the case was litigated in state court.  "[T]he

intent of [*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)] was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same ... as it would be if tried in a State court." Whenever the "source of substantive rights enforced by a federal court under diversity jurisdiction ... is the law of the States [as] authoritatively declared by a State, whether its voice be the legislature or its highest court, such law ought to govern in litigation founded on that law, whether the forum of application is a State or a federal court." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109, 112 (1945).

Plaintiff also relies on a few federal cases such as *Bristol Tech., Inc. v. Microsoft Corp.*, 127 F.Supp.2d 64 (D. Conn. 2000) in support of their position. *Bristol Tech* did award "costs" to the plaintiff under CUTPA noting the provisions in CUPTA, § 42-110g(d), allowed for the award of costs exceeding those costs otherwise allowed in state court and pointing out the desire to apply state law to the case in order to avoid any differences between state and federal law on that subject. However, the court did not address those Connecticut state cases, some of which are cited above, which appear to limit the award of costs to those that are clearly provided for. As a result, *Bristol Tech* is not persuasive authority for the proposition that Connecticut state law allows for costs beyond those for which

there is a clear provision.  A second case cited by plaintiff, *Emerald Investments,*
*LLC v. Porter Bridge Loan Co.*, 2007 WL 1834507 (D. Conn. 2007), awarded
costs under CUTPA but also without mentioning any Connecticut state cases and
therefore suffers from the same malady as *Bristol Tech*.  A third case, *Charts v.*
*Nationwide Mut. Ins. Co.*, 397 F. Supp. 2d 357 (D. Conn. 2005), reversed on other
grounds, *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116 (2d Cir. 2008),
awarded some costs under CUTPA and the Franchise Act (costs such as
"messenger services, copies, travel and court reporter services") but declined to
award expert witness fees as costs citing *Miller v. Guimaraes, supra.*

The expert witnesses plaintiffs seek an award of costs for include a real
estate appraiser (David Burgoyne),  an economist (Gordon Yale) and a securities
expert (Robert Doty).  (Dkt. 256, Pg ID 8639).[4]  Conn. Gen. Stat. § 52-260 allows
for certain expert witnesses to be paid a reasonable fee where the expert witness
"gives expert testimony in any action or proceeding, including by means of a
deposition" and that fee may be taxed as costs. § 52-260(f).  The only expert
witness plaintiffs seek an award of costs for that is included in the list of permitted

---

[4]  Plaintiffs' pleadings do not clearly define the expertise of these individuals but
defendant has characterized them in this fashion and plaintiffs have not objected to that
characterization so it will be accepted by the undersigned for the purpose of this analysis.

experts in § 52-260 is the real estate appraiser.[5]  Additionally, the amount of costs that may be allowed for an expert witness is the charge for their testimony plus any preparation time for their testimony, at deposition or trial, but not for their services prior to that such as preparing a report.  *Levesque v. Bristol Hospital, Inc.*, 286 Conn. 234, 261-63 (2008).  Records provided by plaintiffs indicate that Mr. Burgoyne charged $4,950.00 for "preparation and deposition" out of a total fee of $16,215.00.  (Dkt. 251, Ex. 12).  That amount is deemed a reasonable fee and will be awarded to plaintiffs as costs.  The balance of plaintiffs' request for an award of costs relating to expert witness fees is denied.

### 2.    On-line Legal Research

To the extent it was not a cost that could be awarded under federal law, plaintiff seeks an award for on-line legal research expenses under state law, specifically the provisions of CUSA.  Plaintiff cites *Rand-Whitney Containerboard v. Town of Montville*, 2006 WL 2839236 (D. Conn. 2006) in support of this argument.  While there was an award of costs to the successful plaintiff in *Containerboard*, the award was made under the provisions of a contract which had been breached by defendant, not CUTPA.  The only CUTPA

---

[5]  Gordon Yale is an accountant by profession but his expertise in this case is that of an economist.  Licensed public accountants are included in the list of permitted experts in § 52-260(g) but only where they testify in their "capacity as a public accountant" which would not appear to be the case here.

claim was made by defendant in an unsuccessful counterclaim against plaintiff and the cost shifting provisions of CUTPA were not the basis of the award of costs relating to on-line research.  A second case cited by plaintiff in this portion of its argument was *Pappas v. Watson Wyatt & Co.*, 2008 WL 45385 (D. Conn.). *Pappas* involved a Title VII action and an award of attorney fees and costs under that provision of federal law, not Connecticut state law.  The opinion did not appear to address on-line research costs.  There may be strong arguments in favor of awarding costs associated with on-line research, or at least including them as an expense in an award of attorney fees.  However, plaintiff has not cited any persuasive authority that on-line research should be included in an award of costs in a CUSA claim.  *DeMatteo*, and Connecticut cases that have addressed the question of the scope of statutory provisions that include an unspecified allowance of "costs," have not been generous in expanding the scope and have declined to award costs unless "clearly" provided for.  On-line research expenses have not been clearly provided for under Connecticut law and therefore plaintiffs' request for $24,634.50 in costs for on-line research is denied.

3.    Attorney Travel Expenses

Defendant does not argue that the requested costs associated with attorney travel are unreasonable - just that the costs sought are not authorized under Conn. Gen. Stat. § 52-257, which is the state statute authorizing an award of costs to a

prevailing party regardless of the cause of action.  Without question such costs are not authorized by § 52-257.  As indicated above, the state law relating to an award of costs, as interpreted by the highest courts in the state, would appear to say that unless costs are "clearly" provided for they are not allowed.  Plaintiff does cite to a few cases in which an award of costs, under a statute similar to the CUSA, was made for travel expenses.  Two of those cases, *Emerald Investments, supra*, and *Bristol Tech, supra* awarded travel expenses as a cost item under the CUTPA, which has a statutory provision allowing for attorney fees and costs to be awarded to the prevailing plaintiff, similar to the terms of the CUSA.  Those cases were decided in federal court rather than state court and included very little in the way of analysis of state law.  As a result, they are not particularly persuasive on that point.  The third case, *Pappas, supra*, awarded attorney fees and costs under Title VII, which has little relevance to the present case.

   *DeMatteo* and the other Connecticut appellate court cases that conclude that "costs" cannot be awarded unless they are "clearly" provided for prohibit the award of costs associated with travel expenses.  Plaintiffs' request for an award of costs in the amount of $33,210.66 for attorney travel is denied.

   4.   Mailing and Shipping

   Plaintiffs seek an award of costs in the amount of $ 3,835.80.  The amount sought seems like a reasonable amount but plaintiffs face the same problem here

as with other requests.  Connecticut law does not clearly provide for an award of costs for mailing and shipping expenses and therefore this request is also denied.

     5.    Conference Calls

Plaintiffs request an award of costs in the amount of $ 404.15 relating to conference calls that were made during the course of the litigation.  While it may have been reasonable and necessary for conference calls to be made in this case those costs are not clearly provided for under Connecticut law.  This request by plaintiffs is also denied.

## V.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that:

1.    plaintiffs should be awarded an attorney fee in the amount of **$873,810.70** (as stipulated by the parties);

2.    as stipulated by the parties, plaintiffs should be awarded costs in the amounts of (1) $1,728.12 for taxable costs to the clerk; (2) $28,942.41 for court reporter fees; (3) $178.04 for witness fees; and (4) $755.00 for service of process fees.  Additionally, as discussed above, plaintiff should also be awarded costs in the amounts of (1) $31,351.93 for copying charges; and (2) $4,950.00 for expert witnesses, for a total amount of **$67,905.50** in costs.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 31, 2012                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 31, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Michael P. Cillo, Raymond W. Henney, Heidi D. Hudson, Andrea M. Johnson, Robert T. Kent, Richard J. Landau, Daniel J. McCarthy, Clinton Meyering, Valeri S. Pappas, Joseph E. Potchen, Michael J. Watza, and Scott W. Wilkinson</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO ADVANTAGE
NATIONAL TAX FREE FUND, et al,

      Plaintiffs,                                        Case No.  08-cv-15162

v

HELICON ASSOCIATES, INC., et al.,

      Defendants.
_____/

**[PROPOSED] ORDER REGARDING PLAINTIFFS' MOTIONS FOR ATTORNEY
FEES AND COSTS**

      WHEREBY, upon motion by Plaintiffs, the filing of responsive pleadings by the parties, and the prior Order of the Court during oral argument on August 9, 2012, the parties have conferred and it is hereby ORDERED that:

      1.      Plaintiffs shall be awarded an attorney fee in the amount of **$873,810.70**;

      2.      Plaintiffs shall be awarded taxable costs in an amount no less than **$31,603.57**; and

      3.      The parties have not been able to come to an agreement on the remaining issues regarding Plaintiffs' motion for an award of costs, which has been fully briefed and argued before the Court.  The Court will take these remaining issues under advisement.

_____

U. S. DISTRICT COURT JUDGE

WE HEREBY STIPULATE TO FORM OF THE ORDER, this 6th day of September, 2012.


s/Valeri S. Pappas_____
MICHAEL P. CILLO, ESQ.
VALERI S. PAPPAS, ESQ.
**DAVIS & CERIANI, P.C.**
*Attorneys for Plaintiffs*
1350 17th Street, Suite 400
Denver, Colorado 80202
(303) 534-9000
mcillo@davisandceriani.com
vpappas@davisandceriani.com

s/Andrea M. Johnson_____
HEIDI D. HUDSON  (P32495)
ANDREA M. JOHNSON (P67522)
**ZAUSMER KAUFMAN AUGUST
CALDWELL & TAYLER P.C.**
*Attorneys for Defendants Helicon and
Witucki*
31700 Middlebelt Road, Suite 150
Farmington Hills, Michigan  48334
(248) 851-4111
ajohnson@zkact.com


{00371162.DOC; 1}                    2